year term of an industrial physician was enacted.

■ Dr. Bizzell continued to administer to the needs of the miners and their families. The three or four persons whom he named specifically as having been treated, testified they had individually paid him for the services. Of course, he may have recourse against those who accepted his services and have not paid him. In good conscience he should receive the fund sought in this suit, but under the statute, KRS 338.140, the company, in the absence of consent, was without authority to make the deductions from the employees' wages for the benefit of any doctor not selected in the manner prescribed, and was, of course, without authority to pay the same to the doctor unless it had been agreed to by its employees.

We are, therefore, constrained to reverse the judgment because of insufficient evidence to take the issue to the jury or sustain the judgment.

Earl B. Rose, Beattyville, Ollie James Cockrell, Jackson, for appellant.

J. D. Buckman, Jr., Atty. Gen., Squire N. Williams, Jr., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted of maliciously cutting and wounding one George Little, and was sentenced to serve 10 years in the state penitentiary. On this appeal his only ground for reversal is that the court erred in failing to give a self-defense instruction.

The evidence for the Commonwealth was that after appellant had entered into an altercation with two men, George Little approached and inquired what was the matter. Thereupon appellant "jumped at him and struck him in the back with a large knife". Defendant testified that Little first struck him, that they clinched and fell on the ground, and "that he did not have a knife and did not cut Little but only defended himself as best he could with his fists".

The only case cited by appellant is Elliott v. Commonwealth, 152 Ky. 791, 154 S.W. 25, wherein it was held that a self-defense instruction should be given even though defendant denied a shooting, where the evidence, though wholly circumstantial, indicated a struggle had taken place. Combs v. Commonwealth, 196 Ky. 804, 246 S.W. 132, and Jones v. Commonwealth, 252 Ky. 341, 67 S.W.2d 480, are more directly in point. Therein it was held that if the evidence tends to raise an issue of self-defense, even though the defendant denies committing the act of which he is accused, he is entitled to such an instruction.

In the present case appellant testified that he and Little were engaged in combat and he was defending himself. Even though he denied using a knife, the jury could conclude that if he did so it was in self-defense. Since the issue was clearly raised, a separate instruction on this theory should have been given.

## STEVENS v. COMMONWEALTH.

Court of Appeals of Kentucky.

April 24, 1953.

In the case cited by the Commonwealth, Muncy v. Commonwealth, 265 Ky. 730, 97 S.W.2d 606, it did not appear that the defendant and the deceased were engaged in an altercation or struggle.

The judgment is reversed.

## THOMAS et al. v. THOMAS.

Court of Appeals of Kentucky.

April 24, 1953.

Emmett G. Fields and J. L. Hays, Whitesburg, for appellants.

C. W. Napier, Sr., C. W. Napier, Jr., and Napier & Napier, Hazard, for appellee.

MOREMEN, Justice.

The controversy decided by the circuit court from which this appeal has been taken involved the question of who was entitled to the proceeds of a condemnation suit which had been instituted by the Louisville and Nashville Railroad Company.

The Railroad Company filed an original action in the Letcher County Court and sought to condemn a right-of-way through property allegedly owned or claimed by appellee, Verna Bowen Thomas, and appellants, Linville Thomas, Bernice Thomas and Virgil Ray Thomas. The issues in the condemnation suit were joined by proper pleadings but, before trial, an order of settlement was entered into between the interested parties fixing the damages for the strip taken at $3500, of which amount $1500 was paid to Verna Bowen Thomas and the remainder was paid to the master commissioner of the Letcher Circuit Court to which forum the action was transferred for the purpose of making a proper distribution among the parties as their interests might appear.

In the circuit court Verna Bowen Thomas filed an amended answer and cross petition against her former husband, Linville Thomas, and her two children, Bernice Thomas and Virgil Ray Thomas; and nominal parties, in which she alleged that on the 9th day of April, 1937, she had become the owner of two tracts of land in Letcher County. One of the tracts described was the parcel of ground through which the Railroad had obtained a right-of-way by reason of the condemnation suit, and to